JOHN TYLER, SR., V. THE STATE.

No. 18972. Delivered May 12, 1937.
Rehearing Denied June 23, 1937.

The opinion states the case.

*Richard W. Mayfield,* of Giddings, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully carrying a pistol is the offense; penalty assessed at a fine of $100.00.

According to the testimony of the State, an election was held at Globe Hill School (a negro school) in Lee County, Texas, on August 22, 1936, for the purpose of electing a trustee for said school. Appellant served as one of the officers at the election. About half an hour after the polls had closed, the result of the election was announced. As the crowd was leaving the school house, where the election was held, one Jesse Givens said he was not satisfied with the result of the election; that somebody had done wrong, and that somebody had lied. Appellant spoke up and said: "Who lied?" and said to Givens: "Maybe you lied?" At that juncture, according to a State's witness, the appellant jerked a pistol out of his pocket and said, "Get out of my way; I will send him to where it is hot," or something of that kind. The pistol was wrapped up in a handkerchief. Appellant unwrapped it as he held the pistol behind him. After a short time the appellant's son appeared and led him away to his car.

Appellant testified that he was present at the election of the school trustee and served as assistant presiding judge and clerk. After the election was over and the result thereof had been announced, he heard "lots of fussing and cursing and remarks made about the officers of the election." He heard Jesse Givens say, "Somebody lied." Appellant said to Givens: "You ought not to make that kind of talk; it might bring on trouble." Givens stood there and continued to talk aloud. Appellant said that he may have put his hands in his hip pockets; that if he did so, he was not conscious of it; that if he pulled his handkerchief out of his pocket, he did not know it. He denied that he had a pistol at any time during the day of the election, either in his hand or in his pocket. He further stated that he had not owned a pistol in over twenty-five years.

The case was submitted to the jury upon a conflict in the testimony and the issue was resolved in favor of the State.

Appellant presented a motion for a continuance based upon the absence of his son, John Hugh Tyler, whose home was in Lee County, but who was living in Houston, Texas, at the time of the trial. The information was filed September 28, 1936, and the trial took place on November 5, 1936. No subpoena was issued for the witness or any effort made, as shown by the record, to secure his attendance at the trial. Under the circumstances, we think the trial court was justified in overruling the motion for a continuance. In the absence of an abuse

òf discretion, the action of the trial judge in overruling the motion for a continuance is binding upon this court. See Art. 543, C. C. P., also Tex. Jur., Vol. 9, p. 853, sec. 147.

Deeming the evidence sufficient to sustain the conviction, the judgment of the trial court is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant in his motion for a rehearing earnestly contends that we erred in holding that the evidence was sufficient to justify the jury's conclusion that he was guilty of carrying a pistol at a place where an election was being held. His contention seems to be that since it was charged in the information that the pistol was carried by him to a place where an election was being held, the State was required to prove that the polls were open and the election in progress when he was seen in possession of the pistol. The testimony shows that appellant was one of the parties who assisted in holding the election; that as soon as the polls had closed, but before he had gone one hundred yards from the polling place he drew a pistol from his pocket and threatened to shoot Jesse Givens. There is no testimony whatever that he had gone anywhere after the polls closed except from the polling place to where he drew the pistol; hence it became a question of fact whether he carried the pistol with him to the polling place and had it on his person during the time the election was being conducted or whether he procured it afterwards. The jury settled said issue adversely to appellant, and we would not be authorized to disturb their finding.

We therefore overrule appellant's motion for a rehearing.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.